IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY JOE FLOYD,

Petitioner, No. CIV S-03-0015 MCE KJM P

vs.

STATE OF CALIFORNIA, et. al.,

Respondents. FINDINGS AND RECOMMENDATIONS

_______________________________/

Petitioner Bobby Joe Floyd, currently imprisoned in a federal penitentiary in Indiana serving a 30-year sentence set to expire in 2021, seeks habeas relief under 28 U.S.C. § 2254.[1] He challenges a Sacramento County Superior Court sentence of 186-years-to-life directed to run consecutively to his federal sentence.

I. Background

The facts and procedural background giving rise to the petition before the court are not disputed by either party. Petitioner was charged with and found guilty of eight felony

[1] The fact that petitioner will serve a California term after serving his federal prison sentence in Colorado satisfies the "in custody" requirement for the purposes of 28 U.S.C. § 2254. Peyton v. Rowe, 391 U.S. 54 (1968). Nor does the "respective district" venue provision of 28 U.S.C. § 2241(a) preclude this court from entertaining petitioner's application. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494 (1973).

counts: two counts of carjacking, one count of attempted kidnaping, one count of assault with a firearm, two counts of robbery, one count of kidnaping, and one count of being a convicted felon in possession of a firearm, all stemming from the events occurring during the afternoon of June 16, 1994. Pet., Ex. D at 2-3. Jurors also found that petitioner used a firearm while committing these offenses, making various sentence enhancements applicable. Id.

At petitioner's first sentencing hearing in 1996, the trial court sentenced him under California's "three strikes" law to an aggregate term of 186 years-to-life directed to run concurrently to a federal prison sentence. Id., Ex. D at 3. Petitioner pursued a direct appeal to the Third District Court of Appeal, raising various arguments that are not at issue in this petition. Id., Ex. A. The Court of Appeal affirmed the judgment in an unpublished opinion on September 24, 1997. Id., Ex. D.

In response to a letter from a California Department of Corrections and Rehabilitations (CDCR) official concerning three aspects of petitioner's sentence, the trial court asserted the 1996 sentence was unauthorized and held a re-sentencing hearing in 2000. Id., Ex. D at 4-5. At the hearing, the court gave petitioner more sentence credit than he previously had received and directed that petitioner's California term run consecutively to petitioner's federal term. Id.

Petitioner then took a second appeal to the Court of Appeal, where his appellate attorney argued for the first time that his sentence violated federal and state constitutional prohibitions against cruel and unusual punishment, as well as other issues not relevant to this petition. Id., Ex. C. The appellate court modified the judgment by striking a parole revocation fine but affirmed the judgment in all other respects. Id., Ex. D. The court held that petitioner had waived his challenge to his sentence on federal and state constitutional grounds by not raising it in his first appeal or during resentencing proceedings in 2000. Id., Ex. D at 7. Nevertheless, the court found the challenges "totally without merit under the circumstances of

/////

this case" without providing any further analysis of petitioner's claims. Id. The Supreme Court of California declined review on January 3, 2002. Id., Ex. H.

Petitioner proceeded to file a petition for a writ of habeas corpus in this court on January 6, 2003. Because his double jeopardy and ineffective assistance of counsel claims were unexhausted, the court granted petitioner time to file an amended petition. See Docket No. 16. Thereafter, petitioner moved for a stay pending exhaustion of his state court remedies for the unexhausted claims. Docket No. 19.

In September 2003, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, in which he contended trial and appellate counsel rendered prejudicially ineffective assistance for failing to claim that petitioner's sentence violated federal and state prohibitions against cruel and unusual punishment. Pet., Ex. I. The California Supreme Court summarily denied the petition on June 30, 2004. Id., Ex. J.

On July 19, 2004, petitioner filed his amended petition for a writ of habeas corpus asserting three claims for relief: (1) the sentence of 186-years-to-life violates state and federal constitutional prohibitions against cruel and unusual punishment; (2) petitioner received ineffective assistance of appellate counsel; and (3) petitioner received ineffective assistance of trial counsel. Respondent admits petitioner now has exhausted state court remedies with respect to the claims asserted in his amended petition. Answer at 3.

II. Standards For Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any

/////
/////
/////
/////

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See Ramirez v. Castro, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[2] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground that relief is precluded by 28 U.S.C. § 2254(d). Lockyer, 538 U.S. at 71 (overruling Van Tran v. Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district courts to review state court decisions for error before determining whether relief is precluded by § 2254(d)). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

/////

/////

/////

[2] In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

"Clearly established" federal law is that determined by the Supreme Court. Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004). At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been

"clearly established" and the reasonableness of a particular application of that law. Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced).

III. The Federal And State Constitutional Prohibition Against Cruel And Unusual Punishment

As indicated above, petitioner claims that his sentence violates federal and state constitutional prohibitions against cruel and unusual punishment. Am. Pet. at 6. With respect to petitioner's claim arising under the California Constitution, the court cannot grant relief as a federal writ of habeas corpus is available only for violations of federal law. 28 U.S.C. § 2254(a). Petitioner's federal constitutional claim that petitioner's sentence violates the Eighth Amendment is within the purview of this court.

As petitioner himself notes, the Supreme Court of the United States has specifically addressed the additional layer of AEDPA analysis applicable to habeas petitions challenging prison sentences on Eighth Amendment grounds. In Lockyer, defendant's habeas petition challenged his sentence of 50 years to life for felony convictions on two counts of petty theft for stealing $84.70 and $68.84 in videotapes on two separate occasions. 538 U.S. at 66-67. Defendant previously had been convicted of three counts of first-degree residential burglary and thus both felony petty theft counts triggered the application of California's "three strikes" law. Id. at 68. The court found the only relevant clearly established law amenable to the "contrary to" or "unreasonable application of" framework of 28 U.S.C. § 2254(a)(1) was the gross disproportionality principle, the precise contours of which are unclear and applicable only in the "exceedingly rare" and "extreme" case. See Lockyer 538 U.S. at 73. Noting the uncertainty of the scope of the gross disproportionality principle, the Court held that the California Court of Appeal's decision to affirm the sentence of two consecutive terms of 25-years-to-life in prison

/////

was neither "contrary to," nor an "unreasonable application of" principles previously identified by the Supreme Court. Id. at 73-74, 77.

The AEDPA barred relief in Lockyer on a set of facts considerably more favorable than those presented by petitioner before this court. Petitioner's sentence of 186-years-to-life reflects the fact that he was convicted of six separate felonies that triggered the application of "three strikes." See Pet., Ex. B at 1-2. Each of those counts was significantly more severe than the petty theft convictions in Lockyer. Furthermore, the triggering convictions in petitioner's case -- attempted robbery with a firearm and two separate convictions for bank robberies -- are at least as serious as the three prior first-degree residential burglary convictions in Lockyer.

In light of the foregoing, the court cannot find the state appellate court's conclusion that petitioner's Eighth Amendment claim is "totally without merit" is based upon an objectively unreasonable application of Supreme Court authority. Furthermore, there is no indication the court's opinion is based upon an unreasonable determination of the facts. Petitioner is precluded from obtaining relief on his Eighth Amendment claim by 28 U.S.C. § 2254(d).

IV. Ineffective Assistance Of Trial And Appellate Counsel

Petitioner asserts his trial counsel and counsel on his first appeal were ineffective for failing to argue that petitioner's sentence violates both the United States and California Constitutions' prohibitions against cruel and unusual punishment. Am. Pet. at 6, 8. The merits of a claim of ineffective assistance of both appellate and trial counsel are governed by the holding in Strickland v. Washington, 466 U.S. 668 (1984) To establish ineffectiveness, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Prejudice also must be shown. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

As indicated above, the state court of appeal rejected both petitioner's federal and California Constitutional claims on direct review in petitioner's second appeal. Considering he was allowed to present his claims on direct review, and that his claims were rejected on the merits, Pet., Ex. D at 7, petitioner fails to show how he was prejudiced by either trial counsel or appellate counsel's failure to raise the claims. Petitioner has not established he was subjected to ineffective assistance of counsel.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2009.

U.S. MAGISTRATE JUDGE

1/ar
floy0015.157